52 So.2d 505

### WALKER v. WALKER.
### 6 Div. 74.

Supreme Court of Alabama.

May 17, 1951.

Roger F. Rice, Birmingham, for appellant.

M. L. Gwaltney and Maurice F. Bishop, Birmingham, for appellee.

BROWN, Justice.

This appeal is by the former husband of Shellie B. Walker from a decree of the circuit court, in equity, modifying an allowance made to Mrs. Walker in a decree of divorce procured by her on the 12th of December, 1947. The allowance was the result of an agreement between the parties made in writing and embodied in the decree of divorce.

The agreement stipulated: "The said John E. Walker hereby agrees and contracts to pay to the said Shellie B. Walker, as alimony, and for her support and maintenance the sum of seventy-five dollars ($75.00) per month, commencing on December 1, 1947 and a like payment on or before the first day of each month thereafter until the death or remarriage of the said Shellie B. Walker, in either of which events the said payments shall cease."

This agreement was attached to and made a part of the decree granting said divorce.

The appellant John E. Walker on April 6, 1950, filed a petition to revoke or modify said allowance on the ground that since

said allowance was made his economic situation had been changed to his detriment; that the said John E. Walker had taken unto himself another wife to whom there had been born a son; that he was at the time said agreement was made engaged as an automobile salesman earning approximately $1000.00 per month; that his earnings had decreased because of economic conditions throughout the country and that his earnings do not now exceed $600.00 per month; that he has an allowance or drawing account, from his employer of $300.00 per month which is deducted from his earnings, if used.

After notice to Mrs. Shellie B. Walker the matter was set down for hearing, testimony taken *pre tenus*, the matter taken under advisement by the judge and thereafter a decree was entered modifying the allowance, reducing it from $75.00 per month to $60.00 per month.

Testimony offered by the appellee was, on motion of appellant's counsel, excluded. Said testimony was to the general effect that her earning capacity had been lessened from illness or otherwise; that she had worked before the divorce was granted as a beautician and she had continued to work until her health had become impaired, necessitating doctor bills, etc.

It is familiar law that a decree fixing alimony in accordance with an agreement of the parties will not be modified except for clear, sufficient reasons after the question has been subjected to thorough consideration and investigation. Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905.

Courts of equity in determining whether an award of alimony in a divorce decree should be modified *should consider the present status of the parties* and inquire into their respective earning abilities and probable future prospects and all other circumstances which might bear on the subject, such as age, sex, health and station in life. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361.

The appellee in this case makes no complaint here nor does she make any cross-assignments of error on the record.

After due consideration of the evidence, assuming that the circuit court properly acquired jurisdiction to modify said decree, we are of opinion that the appellant has no ground to complain. The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.