This case involves the modification of a divorce decree.
The husband, Joe Allen Ezell, filed a petition to modify, in which he requested that the court reduce his child support payments from $800 per month to $400 per month. In his petition he stated that Johnny P. Ezell, the couple's son, had attained nineteen years of age and was self-supporting, and he should no longer be required to maintain the son. The husband further maintained that there had been a material change in circumstances which would support a modification of the decree.
The wife, Velma Jean Ezell, answered the petition to modify and also filed a counterclaim requesting, in pertinent part, that the husband be ordered to convey ownership of the Liberty National Life Insurance policy and the Fidelity Union Life Insurance policy to her. She further requested that the husband be ordered to reimburse her for loans made against policies issued by Life of Alabama and Fidelity Union Life Insurance Company, plus interest.
A hearing was held before the trial court and the trial court issued an order. In pertinent part, this order reduced the child support payments from $800 per month to $600 per month beginning in September 1985. The order denied the relief sought by the wife as to the insurance policies.
The wife filed a motion to amend judgment, which was denied. This appeal by the wife followed.
On appeal there are two issues raised. In the first issue the wife contends that the trial court erred in reducing the child support payments.
The separation agreement, which was incorporated into the divorce decree, provided in pertinent part:
 "2. The parties agree that the Defendant shall pay child support directly to the Plaintiff in the amount of Eight Hundred Dollars ($800.00) per month and shall continue until such time as the minor children become self-supporting or married. The parties further agree that in the event that Johnny P. Ezell has become self-supporting or married and the Plaintiff should remarry, the child support for Joni R. Ezell shall be reduced to the amount of Four Hundred Dollars ($400.00) and shall continue until such time as the said youngest child, Joni R. Ezell, shall become self-supporting or married."
The wife argues that the parties had agreed that the child support payments could be reduced to $400 per month if the oldest child married or became self-supporting and the wife had remarried. She says that there could be no reduction in child support even though the oldest child had become self-supporting because the second contingency, her remarriage, had not occurred.
The husband replies that a child support order is always a proper subject of review by a court, notwithstanding the parents' agreement regarding support.
An agreement between parents fixing child support becomes merged into the divorce decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify. Hutton v. Hutton, 284 Ala. 91,222 So.2d 348 (1969). However, where a child support decree has been entered in accordance *Page 448 
with the parents' agreement, it will not be modified except for clear and sufficient reasons after the question has been thoroughly considered and investigated. Walker v. Walker,255 Ala. 599, 52 So.2d 505 (1951).
In the case at bar the evidence shows that the older son had reached nineteen years of age and had become self-supporting in that he had joined the United States Navy. The evidence also shows that the mother has not remarried. Consequently, one of the conditions for reducing the amount of child support, i.e. the mother's remarriage is not present. Nevertheless, the father has alleged that his support payments should be reduced because the son is no longer dependent on him for support and the mother is earning about $8,000 more a year than she was when the divorce was granted. He says the mother does not need as much support money now because she has only one child to support and she is earning considerably more money than she was earning at the time of the divorce. Also, the requirement that the mother pay all medical and dental expenses that did not require hospitalization has been modified so that the parents share equally those medical and dental expenses not covered by insurance.
Although the mother introduced evidence that she needed $800 a month to support her daughter, the trial court could have concluded from the other evidence that a reduction in child support was warranted when one of the two children was self-supporting. It appears from the record that the issue of modification of child support was thoroughly and carefully investigated and considered by the trial court, and the reduction of child support from $800 a month to $600 a month is not an abuse of its discretion.
In her second issue the wife contends that the trial court erred in refusing to award her ownership of certain insurance policies and in finding that the husband was not required to restore the cash values of other life insurance policies on his life to which she was made the beneficiary and to which she was permitted to pay the premiums by the separation agreement.
The separation agreement/divorce decree provided:
 "8. The parties agree that the Plaintiff shall pay the various premiums on his life insurance policies currently in force and that the Plaintiff shall be named as beneficiary on said policies and receive the proceeds, if any, thereto. Specifically, the parties agree that the life insurance policies currently in force are as follows:
"(a) Liberty National Life Insurance.
"(b) Life of Alabama.
"(c) N.T.E.U.
"(d) Fidelity Union Life Insurance.
 "The defendant further agrees to pay the life insurance policy currently in force with the United States Army Reserve and the Plaintiff shall be named as beneficiary on said policy and receive any proceeds thereto."
Subsequent to the divorce the husband borrowed against the policies issued by Life of Alabama and Fidelity Union Life, which depreciated the value of said policies. In its order the trial court stated that the relief sought by the wife was denied because the parties' agreement does not restrict the husband from borrowing against those policies.
Where a person is designated beneficiary of an insurance policy and pays the premiums pursuant to an agreement that he is to remain the beneficiary and receive the proceeds of the policy, such person acquires a vested interest in the policy.Jenkins v. Lovelady, 290 Ala. 25, 273 So.2d 189 (1973).
In the instant case the parties had negotiated an agreement that the wife was to be retained as beneficiary on several insurance policies on husband's life, and she was permitted to pay the premiums. As a consequence of being made beneficiary and paying the premiums, the wife was to receive the proceeds of the policies, "if any." It is clear from the evidence that *Page 449 
the wife was not intended to be the owner of the policies and that the husband, the owner and insured, was not to be restricted from encumbering the policies, i.e. obtaining the cash value of the policies.
The trial court denied wife's request to make her the owner of certain insurance policies and to require husband to restore the cash values of the other policies, apparently finding that the agreement of the parties and the evidence relating to that agreement permitted the husband to obtain the cash values of the policies. In view of wife's agreement that she was to receive only those proceeds remaining at the death of the husband, not the face amount of the policies, we hold that the trial court's decision is supported by the evidence.
The wife's request for an attorney's fee is denied. The husband's request for an attorney's fee is denied.
The decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.