[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 696 
This is a divorce case.
On June 22, 1989 Rickie Latham (husband) and Angela Latham (wife) were divorced by the Circuit Court of Colbert County, Alabama. The wife was granted custody of the couple's minor child, with visitation rights for the father. The final divorce decree incorporated by reference a written agreement which resolved the issues of custody, alimony, child support, and division of property.
On January 2, 1990 the husband filed a petition to modify the agreement, requesting that his monthly support payments of $1,100 be reduced to "a reasonable amount." The husband alleged that he was unable to produce income sufficient to provide the specified child support. The trial court denied the wife's motion to dismiss and, after an ore tenus proceeding, the trial court entered an order decreasing the husband's monthly child support obligation to $277.12 per month. The wife appeals.
A presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong. Clark v.Albertville Nursing Home, Inc., 545 So.2d 9 (Ala. 1989). The trial court's judgment is to be affirmed if, under a reasonable view of the evidence, there is credible evidence to support the judgment. Jones v. Jones, 470 So.2d 1207 (Ala. 1985).
The first issue is whether the husband failed to show a change in circumstances justifying reduction of the monthly child support payments.
The amount of child support contained in a divorce agreement will not be modified, except for clear and sufficient reasons after the question has been thoroughly considered and investigated. Ezell v. Ezell, 486 So.2d 446 (Ala.Civ.App. 1986). See also Walker v. Walker, 255 Ala. 599, 52 So.2d 505
(1951). The amount of child support to be granted depends upon the needs of the child and the ability of the parent to pay.Travis v. Travis, 345 So.2d 321 (Ala.Civ.App. 1977).
The record reveals that, at the time the divorce agreement was made, the husband was employed by the City of Muscle Shoals Fire Department. As a fireman, he was on call for twenty-four hours at a time and was then off from work for forty-eight hours. The record indicates that the husband worked as a painter and craftsman on the days he was not on call as a fireman and that he expected to earn a substantial amount of money from these jobs.
At trial, the husband testified that he is still employed by the Muscle Shoals Fire Department and that he has received a raise since the time the agreement was made. His present gross income is $1,897.16 per month. The husband testified that he no longer has odd jobs in addition to his job as a fireman. After paying his biweekly child support obligation, the husband is left with as little as $15 from each biweekly paycheck. It is uncontroverted that the monthly expenses to be paid from the child support have not changed.
The payment of child support should be within the reasonable financial ability of the parent; the payment should not be so much that it will cripple him by compelling him to give up all of his income. Travis. Moreover, if it is shown that at the time of the prior divorce agreement there existed no circumstances supporting any reasonable possibility of performance of that part of the decree regarding child support and that condition continues, there must be a cause for change.Reddish v. Reddish, 455 So.2d 891 (Ala.Civ.App. 1984).
In its order, the trial court found that the father did not have the adequate means to pay the agreed-upon child support *Page 697 
without impoverishing himself. The trial court also found that the original divorce agreement was, at best, unrealistic at the time it was made. At that time, the father was doing painting jobs on the side. The record does not plainly indicate the exact amount of money the father earned from these jobs or how often the work was available. Moreover, the record is silent as to why the father no longer has income from outside work. Consequently, we cannot say that the trial court's findings are unsupported by the evidence, and we affirm its judgment on this issue. We do point out, however, that child support orders are never res judicata and can be altered upon a showing of changed circumstances. Brown v. Brown, 476 So.2d 114 (Ala.Civ.App. 1985).
The second issue raised in the wife's appeal is whether the divorce agreement providing for the child support was in fact an integrated bargain. A settlement agreement constitutes an integrated bargain when the amount of the support has been established by the parties by taking into account the property settlement features of the agreement. Duvalle v. Duvalle,348 So.2d 1067 (Ala.Civ.App. 1977). In short, the agreement provides for support and division of property, but the support provision for one spouse is in consideration of the property provision for the other so that the support and property terms are interrelated and inseparable. Duvalle; see also Jones v.Jones, 392 So.2d 1196 (Ala.Civ.App. 1980). Support payments thus established may not be modified by the court without the consent of both parties; otherwise, modification of the agreement would drastically alter the entire character of the agreement to the detriment of one of the parties. Duvalle.
An integrated bargain agreement between divorcing parties is evidenced by a pronounced intent to finally settle all claim of property rights and maintenance. Duvalle. This intent must be more specific than that of a regular property settlement. If the written agreement of the parties is ambiguous, the court must look to the circumstances surrounding the agreement, the situation of the parties, and the subject matter of the contract to determine the intent of the parties at the time the agreement was made. Duvalle.
The divorce agreement shows that the couple had amassed considerable debt, including two mortgages on the marital home. After setting out the husband's responsibility for monthly child support, the agreement states:
 "The Husband acknowledges that he and the Wife have heretofore bankrupt and that the debts accumulated by the parties were the result of the Husband's actions and that the Wife is the party most responsible to handle the payment of their present accumulated debt.
 "The wife agrees that with her combined earnings from SouthTrust Bank and the child support payments hereinabove provided for, she will pay all of the joint obligations of the parties. . . ." (emphasis added)
The wife argues that these provisions are reciprocal; that is, that the wife's promise to pay off the marital debt was specifically in exchange for the husband's promise to pay the $1,100 per month in child support. The wife argues that the child support payments could not thus be modified without a parallel modification in her agreement to pay off the debts incurred primarily by the husband.
While the divorce agreement does indeed seem lopsided and even inequitable in placing the burden of debt on the wife, we cannot say that it meets the requirements of an integrated bargain as outlined in Duvalle. The agreement does not bind the husband's estate, and there is no specific language that makes the agreement a final settlement of the parties' obligations. The record does not reveal that it was the parties' clear intent to make such a settlement through the agreement. We therefore cannot find that the modification of child support should be overturned on the basis of this agreement.
The wife's request for an attorney's fee on appeal is denied. *Page 698 
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.