This case concerns a modification of a divorce decree.
A divorce was granted to the parties in 1981. On December 23, 1988, the decree was modified by the trial court. On December 4, 1989, the appellee (father) petitioned the court for modification, based on a change of circumstances, and included a contempt motion for failure to comply with the modified decree of 1988. In response the mother counter-petitioned for modification and for the contempt of the father for failure to pay a $572.00 arrearage in child support and $537.61 of the pro rata share of the children's medical expenses under the 1981 decree.
Following an ore tenus proceeding on August 7, 1990, the trial court denied the mother's contempt motion and counter-petition for modification; found the mother in willful contempt for failure to comply with the court's 1988 order with respect to the maintenance of health insurance coverage; and entered a judgment for the father for $630, as reimbursement for medical insurance premiums and $4,760 as seventy percent of outstanding medical expenses, with the father to pay the remaining thirty percent, or $1,640. The trial court modified the decree by shifting the responsibility from the mother to the father for maintenance of future medical insurance for the children and by ordering the mother to share in the support of the minor children in the custody of the father by paying the sum of $115 per month per child as child support, a total of $230 per month.
The mother appeals. We affirm.
The mother first contends that there was no material change in circumstances so as to require her to pay child support, where the parties had previously agreed that she would not be responsible for child support. Next, she contends that the court misinterpreted part of the agreement pertaining to the insurance coverage.
The dispositive issue is whether the trial court erred in its interpretation and modification of the 1988 decree.
At the outset we note that our standard of review is very limited in cases where the evidence is presented ore tenus. Where the evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). Moreover, alimony, child support, and their subsequent modifications are matters resting within the sound discretion of the trial court, and its judgment will not be reversed absent a showing of abuse of that discretion. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). See also Lucero v.Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Additionally, we point out that an agreement between *Page 667 
parents fixing child support becomes merged into the divorce decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify. Ezell v. Ezell,486 So.2d 446 (Ala.Civ.App. 1986). See also Tucker v. Tucker,403 So.2d 262 (Ala.Civ.App. 1981). Finally, judgments and decrees are to be construed like other written instruments, and the legal effect must be declared in light of the literal meaning of the language used. Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970).
As to the mother's first contention, we find that both the mother and the father have had material changes in circumstances between the time of the 1988 decree and the August 1990 decree, and, as we referenced earlier, agreements submitted to the court for divorce decrees and modification decrees as well become merged into the decree and lose their contractual nature, and modification of those decrees rests within the discretion of the court. Ezell, 486 So.2d 446;Brannon, 477 So.2d 445.
As to the mother's contention about the trial court's interpretation of the following: "[the mother] shall maintain insurance coverage in the form of medical and dental as she haspreviously done on the minor children of the parties" (emphasis added by the mother), we find that the trial court correctly applied a literal meaning to the language in obviously concluding that the phrase "as she has previously done" is descriptive of the "form," kind, or type of medical and dental insurance to be provided. We find no error here.
This court pretermits as unnecessary a detailed summary of the evidence. Reciting the pertinent facts of this case would add little to the well-known law represented by the vast number of cases on the same matters raised by the mother. However, we do note that the custody of the minor children was granted to the father by the decree in December 1988 on a joint petition to modify. The record shows that the mother was responsible for maintaining insurance coverage in the form of medical and dental insurance as she had previously done. She failed to do so, and the trial court found her in willful contempt. Then the trial court appears to have substituted some child support obligation for the obligation to provide insurance. In doing so, the court could have recognized that the lack of payment of the child support obligation under some future contemptuous act would be less potentially devastating to all concerned.
Suffice it to say that after a review of the record, and in view of our standard of review, we are unable to say that the trial court abused its discretion or that it is plainly and palpably wrong. Furthermore, we find sufficient evidence in the record to support the trial court's judgment.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.