The parties were granted a divorce in September 1981. On September 24, 1990, *Page 940 
the father petitioned the trial court, requesting the modification of the original divorce decree by granting him custody of the children and child support. The trial court granted custody to the father, but refused to grant child support. The father appeals. We affirm.
We note at the outset that child support and its subsequent modification are matters that rest within the sound discretion of the trial court, and its judgment will be reversed only on a showing of abuse of that discretion. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). In addition, an agreement between parents which fixes child support becomes merged into the divorce decree, thereby losing its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify. Ezell v.Ezell, 486 So.2d 446 (Ala.Civ.App. 1986). An agreement, release, or judgment cannot permanently remove the obligation of a parent to provide support for a minor child if circumstances require it in the future. Tucker v. Tucker,403 So.2d 262 (Ala.Civ.App. 1981).
The record indicates that the parties have two children, ages 15 and 17. The divorce decree incorporated an agreement between the parties that provided for joint custody of the children, with alternating weeks of custody to each parent. No child support was to be paid. The father received the mother's interest in the marital home, as well as in the household goods, furnishings, and appliances, and in a sailboat and trailer. The father assumed $3,289 in debts incurred by the parties. The mother was allowed to claim the daughter as a dependent for income tax purposes, and the father was allowed to claim the son. The agreement also contained the following clause:
 "Each of the parties hereto do hereby forever release, acquit and discharge the other from any and all claims or demands that he or she may now or hereafter have against the other, including but not being limited to child support payments, alimony, dower, curtesy and homestead rights, excepting, of course, such claims and demands as may arise under this agreement."
(Emphasis supplied.)
Both children have resided with the father for the past four years, and the son has resided with the father for the past seven years. At the time of the divorce, the mother was earning $15,000 a year, and the father was earning $12,000 a year. At the time of the hearing, the mother was unemployed, and the father was earning $31,761 a year. The father testified that the expenses for the children had increased. While the father's salary had increased by 166%, the consumer price index had increased 47%.
The trial court denied the father's request for child support, finding that the original decree was an integrated bargain, that the father's action was brought solely for vexation, and that the father was in contempt of court as a result of his claiming the daughter as a dependent for tax purposes for 1987, 1988, and 1989. The trial court found that there was no change in circumstances of the parties, but awarded custody of both children to the father in order that "the decree of this Court will conform more realistically to the parties' living arrangements." The father was also awarded the right to claim both children as a deduction for tax purposes.
The father contends that the trial court erred by refusing to award child support on the basis that the parties' original agreement was an integrated bargain.
The mother argues that the parties' agreement was an integrated bargain and, therefore, may not be modified without the consent of both parties. She states that she would not have given all of the marital property to the father without the agreement that there would be no child support. Agreements where there is an integrated bargain may not be modified without mutual consent so there will not be a drastic alteration of the entire character of the agreement to the detriment of one of the parties. Latham v. Latham,570 So.2d 694 (Ala.Civ.App. 1990); DuValle v. DuValle, 348 So.2d 1067
(Ala.Civ.App. 1977). However, this is not the case when child support *Page 941 
is involved. The portion of the agreement regarding child support becomes merged in the divorce decree and its contractual nature is thereby lost as far as the court's power to modify when changed conditions so justify. Ezell,486 So.2d 446. In addition, the agreement does not remove the parents' obligation to provide child support should circumstances warrant it in the future. Tucker, 403 So.2d 262.
Although the mother claims that Latham indicates that this court is willing to find an integrated bargain with regard to child support, the agreement in Latham did not qualify as an integrated bargain, and Latham does not stand for that proposition. We reaffirm the law of this state that parents may not remove by agreement their future obligation to pay child support.
Therefore, we find that the trial court erred in denying the request for child support based on the integrated bargain concept.
The father also contends that the trial court erred in failing to consider whether there had been changed circumstances and in failing to apply the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration. We disagree.
We note that the doctrine of changed circumstances is relevant in child support cases where the petitioning party seeks a modification of an earlier award of support orrequests that a decree incorporating a prior agreement whichdispenses with the obligation to provide child support bealtered. Armstrong v. Sparks, 360 So.2d 1012
(Ala.Civ.App. 1978).
Further, in addition to the requirement that child support shall be modified "only upon a showing of a material change of circumstances that is substantial and continuing," Rule 32(A)(2)(i), A.R.J.A., application of the guidelines to the circumstances of the parties at the time of the filing of the petition which results in less than a ten percent change in the amount of support due, "shall be rebuttably presumed not to be a material change in circumstances." Rule 32(A)(2)(ii).
The trial court in its order found that there had been no material change in the circumstances of the parties, but it also modified the decree to conform with the present living arrangements by awarding the father custody of both children. While the father's salary had increased 166% and the consumer price index had only increased 47% since the divorce, the mother was no longer employed. Her testimony indicates that this was for reasons beyond her control. She had married the administrator at the hospital where she worked and had to resign due to hospital policy. The other hospitals were not willing to hire her because of her spouse's position.
Although the father's income has greatly increased, the mother has no income. Because there would not be a ten percent increase in the amount of child support due, there is a rebuttable presumption that there is not a material change in circumstances. We find that this supports the trial court's refusal to apply the guidelines and to grant child support to the father.
Finally, the father contends that the trial court erred in finding him in contempt for claiming the daughter as a tax deduction and in using that finding as a reason to deny child support. Because the father was not punished in any other way and because we find that the refusal to grant child support is supported by Rule 32, we pretermit a discussion of this issue.
The mother requests an attorney's fee for representation on appeal. That request is granted in the amount of $500.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 942