YATES, Judge.
The parties were divorced in February 1991. The mother was awarded custody of their two minor children. The father was ordered to pay $1,111 per month child support, to maintain medical and dental insurance coverage for the children, to pay $450 per month alimony, to pay off several bills, and to indemnify the mother for any tax liability in 1990.
In May 1993, the mother petitioned for a rule nisi, claiming that the father was in arrears on his child support and that he had failed to maintain the ordered insurance coverage on the children. The father answered and petitioned to modify the divorce judgment, seeking a decrease in his monthly child support and alimony obligation. After a hearing, the trial court found an arrearage and entered a judgment against the father, citing him for contempt. The father appeals, claiming that the trial court erred in imputing income to him and in not reducing his support payments.
Our scope of review in a case where evidence has been presented ore tenus is *785 limited to an examination of the record to determine whether there has been an abuse of discretion or palpable error by the trial court. Thompson v. Alexander, 579 So.2d 665 (Ala.Civ.App.1991). There is no transcript; however, the record does contain the trial court’s statement of the evidence made pursuant to Rule 10(d), Ala.R.App.P. The statement is brief; it fails to answer many pertinent questions, and it contains conflicting statements, but the facts given are as follows. The father earned approximately $67,000 per year and had made all of his child support payments until October 1992, when he was laid off by his employer as a result of the corporation’s bankruptcy. The father then held several other jobs for brief periods. He was unemployed for certain periods, but sent partial payments to the mother until April 1993.
The record further indicates that the father had been consistently looking for a job since February 1993, and that, although at the time of trial in September 1993 he had a promise of employment, at that time he had no income and was “walking the streets looking for work.” There was evidence that all of his savings had been spent for child support and that he had borrowed $9000 from friends. Additionally, he had moved from a house to an apartment “because he could not afford the rent on the house, and furthermore could not pay his rent for July 1993.” However, the father had maintained his membership at a golf club in Tulsa, Oklahoma, and he was only one month past due on his car payment.
The mother was 42 years old and her health was “okay.” Her parents were paying her bills and she had applied for food stamps. She earned minimum wage, but she had not tried to find a full-time job, working only “when she wants to.”
The court found that the father was almost $11,000 in arrears on his child support and alimony payments and that he had not maintained medical or dental insurance on the children, and it ordered him to obtain health insurance for the children within 30 days and to pay the arrearage within three and one-half months. The father was to appear in court January 27, 1994, to show that he had complied with the order.
The trial court was correct in ordering the father to obtain health insurance and to pay the arrearage. Child support orders become final judgments on the dates the payments are due. State Dep’t of Human Resources v. Hulsey, 516 So.2d 720 (Ala.Civ.App.1987). As final judgments, child support arrearages may be collected as any other judgments are collected, and the trial court is without authority to change or modify such arrearages. Hardy v. Hardy, 600 So.2d 1013 (Ala.Civ.App.), cert. denied, 600 So.2d 1016 (Ala.1992). A trial court’s determination of an arrearage, based upon ore tenus evidence, is presumed to be correct and will not be reversed on appeal unless it is plainly and palpably wrong. Crawford v. Bullock, 587 So.2d 363 (Ala.Civ.App.1991).
The trial court erred, however, in failing to modify the child support. Child support may be modified only upon a showing of a material change in circumstances that is substantial and continuing, and the burden is on the party seeking the modification. Holliday v. Holliday, 590 So.2d 335 (Ala.Civ.App.1991). It was undisputed that the father was unemployed because his employer had declared bankruptcy. The loss of income suffered by the father from October 1992 until the time of trial, without a firm commitment for employment in the future, was substantial and continuing. Based on the trial court’s own calculations imputing income to the father, a modification in the amount of monthly support was warranted.
While it is clear that the amount of child support was due to be modified, it is not clear from the record what amount would be appropriate. When making a child support determination, the trial court must consider both the needs of the child and the parent’s ability to pay. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). There was no evidence in the record as to the child’s needs; however, evidence regarding the father’s inability to pay included information about his employment and earnings from the time of his lay-off until the trial.
*786 Pursuant to Rule 32, Ala.RJud.Ad-min., a Child Support Guidelines Form was included in the record; in that form the trial judge determined that the support payments should be reduced to $704 per month. He apparently arrived at this figure by imputing to the father $2,426 income per month; the record does not reveal what this income was based upon. Rule 32(B)(1) provides that a support determination may be based on “the actual gross income the parent has the ability to earn if the parent is unemployed or underemployed.” However, the trial court must determine that the paying parent is “voluntarily” unemployed or underemployed before it may impute income to that parent. Winfrey v. Winfrey, 602 So.2d 904 (Ala.Civ.App.1992).
Based on the circumstances of the father, the judgment of the trial court is reversed in part, and the cause is remanded for a determination of child support consistent with this opinion. The father’s request for an attorney fee on appeal is granted in the amount of $400. The mother’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in result.