The parties were divorced in February 1990. The record contains no copy of the divorce judgment; however, it appears that the judgment incorporated an agreement of the parties that awarded custody of the minor child to the father and visitation rights to the mother. The father waived any child support from the mother.
In November 1991, the father limited the mother's visitation to daytime visits with the child, and, in November 1992, he terminated the mother's visitation, saying that he did so because of a concern for the child's safety; the mother petitioned for a rule nisi. The father answered and counter-petitioned, seeking to modify the divorce judgment to limit visitation and to require the mother to pay child support pursuant to Rule 32, Ala.R.Jud.Admin. Following ore tenus proceedings, the trial court declined to hold the father in contempt. It reinstated visitation pursuant to the original divorce judgment, imposing certain conditions; however, it failed to address the father's request for child support. The father's post-trial motion again asked the trial court to award child support. The father appeals, contending that the trial court: 1) abused its discretion in reinstating visitation without imposing greater restrictions and 2) erred in failing to award child support.
The evidence supports the conditional reinstatement of visitation. The trial court's order stated:
 "2. The court finds from the evidence that the mother's boyfriend severely frightened the boy while playing with the bed covers and the child is still receiving counselling to deal with his feelings concerning this incident. Moreover, it appears that the mother has allowed the child to play close to a busy street without adequate supervision.
". . . .
 "4. The court orders the father to allow visitation as set forth in the original divorce decree to resume on the following conditions. The mother shall give at least 24 hour telephonic notice of her intent to exercise her visitation rights. For the first three visitation weekends, the wife's fiance shall not be present at any time. On the fourth visitation and subsequent visitations the mother shall not allow the child to [be] left unattended in the presence of the fiance. At no time in the future shall the wife allow any unrelated male to spend the night at her residence when [the child] is visiting."
After reviewing the record, we affirm the judgment as to the issue of visitation.
We hold, however, that the trial court erred in failing to award child support in accordance with Rule 32. Although in the original divorce agreement the father allegedly waived any child support from the mother, child support cannot be forever waived by the parties. Thompson v. Hove, 596 So.2d 939
(Ala.Civ.App. 1992).
The record contains evidence of the parties' income. The mother testified that she had been employed at Surety Land Title for approximately six years. The mother's "Child Support Obligation Income Statement" revealed that her monthly income was approximately $1,900. We note that the record does not contain the Rule 32(e) "Child Support Guideline Form." SeeMartin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994). Further, the father introduced evidence of expenses incurred in caring for the child, including school tuition and medical bills. Accordingly, we reverse the judgment as to the issue of child support, and remand the cause for a determination of support payments in accordance with Rule 32. *Page 919 
The appellee's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part and concurs in the result in part.