Freddie G. Sartin appeals from the trial court's judgment modifying his alimony and child support obligation.
Freddie G. Sartin ("the husband") and Elizabeth G. Sartin ("the wife") were divorced in 1979 by the Mobile County Circuit Court. The divorce judgment ratified and affirmed an agreement entered into by the parties. Paragraph 4 of the agreement provided:
 "[The husband] shall pay to [the wife] as alimony and child support an amount equal to twenty-five percent of the [husband's] net income after deduction of state and federal taxes. [The husband] shall continue to support the children of the parties through each child's completion of a four-year college degree program so long as the educational career of such child is not unduly interrupted and so long as academic progress is maintained at a reasonable level of achievement."
In 1994 the wife filed a motion requesting the Mobile County Circuit Court to order the husband to show cause why he should not be held in contempt for failure to pay alimony and child support. The wife also requested that the trial court modify the husband's alimony obligation by increasing her award of alimony and ordering the husband to pay a sum certain instead of a percentage of his income. The husband answered and counterclaimed, alleging that there had been a material change in circumstances which warranted modification of the divorce judgment. The trial court heard testimony from both parties on March 27, 1995. Thereafter, the trial court entered a judgment finding the husband in contempt and stating in pertinent part:
 "2. THAT [the wife] is hereby awarded a judgment against the [the husband] in the amount of $25,000, said amount representing the total arrearage in alimony and child support including interest as of this date.
 "3. THAT all future payments of alimony heretofore ordered by the court are hereby terminated as of this date. *Page 1183 
 "4. THAT the child of the parties, Elizabeth Sartin, is hereby awarded a judgment against [the husband] in the amount of $19,200, said amount representing college expenses of said child; that [the husband] shall satisfy said judgment by paying $250 each month thereon directly to the child; and further, the child, Elizabeth Sartin is to reimburse the [wife] for any college expenses she has paid."
The husband filed a post-judgment motion requesting that the trial court alter, amend, or vacate the judgment. Thereafter, the trial court amended its judgment, reducing the $25,000 award in paragraph 2 to $16,000.60. The husband appeals.
On appeal, the husband argues that the trial court erred (1) in calculating his alimony and child support arrearage, and (2) by awarding the daughter a judgment against him for $19,200 in "college expenses."
The evidence in this case was presented ore tenus; therefore, the judgment of the trial court is presumed correct and will be upheld on appeal unless it is unsupported by the evidence so as to be plainly and palpably wrong. Kelley v. Kelley,600 So.2d 303 (Ala.Civ.App. 1992). This rule is based on a recognition of the trial court's unique position to evaluate both the demeanor and the credibility of the witnesses. Hall v. Hall,571 So.2d 1176 (Ala.Civ.App. 1990).
 I. Alimony and Child Support
The husband argues that the trial court failed to correctly calculate the alimony and child support arrearage; however, the evidence before this Court on appeal does not show that the trial court's judgment was in error. The only evidence contained in the record on appeal is the husband's income tax returns from 1985 to 1994 and a statement of the evidence made pursuant to Rule 10(d), Ala.R.App.P. The record does not contain any evidence of the husband's income from 1979 to 1984. The Rule 10(d) statement indicates only that the testimony at the hearing was conflicting as to the amount of alimony and child support the wife received after the divorce.
An appellant has the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.Gotlieb v. Collat, 567 So.2d 1302 (Ala. 1990) (citing Matter ofColeman, 469 So.2d 638 (Ala.Civ.App. 1985) and Rule 10, Ala.R.App.P.).
 "This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Dais v. State ex rel. Davis, 420 So.2d 278 (Ala.Civ.App. 1982). . . . Furthermore, when a trial court's order is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence, Mitchell v. Mitchell, 506 So.2d 1009
(Ala.Civ.App. 1987)."
Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1993).
The husband failed to meet his burden of showing that the trial court's judgment was unsupported by the evidence so as to be plainly and palpably wrong. Consequently, we affirm the trial court's judgment as to the alimony and child support arrearage.
 II. Post-Minority Educational Expenses
The husband contends that the trial court erred in ordering him to pay the daughter's "college expenses." He specifically argues that the agreement incorporated into the divorce judgment did not require him to pay any additional support for the children's college education expenses.
When a trial court adopts an agreement, it is merged into the final judgment of divorce. Dees v. Dees, 581 So.2d 1103
(Ala.Civ.App. 1990). A judgment of divorce is to be interpreted or construed like other written instruments. Id. The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them. Vainribv. Downey, 565 So.2d 647 (Ala.Civ.App. 1990).
The provision of the parties' agreement providing for post-minority support directs the husband to pay the wife a certain amount as "alimony and child support" and requires that the husband "shall continue to support the children of the parties through each child's completion of a four-year college *Page 1184 
degree program." (Emphasis added.) This language, giving the words their ordinary meaning, does not impose an obligation on the husband to pay "college expenses" in addition to his usual alimony and child support obligation. Instead, said language merely directs the husband to "continue" to pay his usual "alimony and child support" obligation for a designated time after the children reach the age of majority. The trial court's award of the alimony and child support arrearage as of the date of the hearing satisfied that obligation.
Because the parties' divorce judgment did not impose an obligation on the husband to pay additional support for the daughter's "college expenses," the trial court erred in entering the judgment for $19,200 against the husband.
That part of the trial court's judgment regarding the alimony and child support arrearage is affirmed. That part of the trial court's judgment awarding the daughter a judgment against the husband for her "college expenses" is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in part and dissents in part.