BRYAN, Judge.
Angela Fay Egres (“the former wife”) appeals from a judgment entered by the Marion Circuit Court (“the trial court”) that modified the child-support obligation of Michael Jon Egres (“the former husband”) and failed to clarify certain provisions in the settlement agreement incorporated into the parties’ divorce judgment.
The record reveals that the parties were divorced by the trial court on or about April 22, 2009. The divorce judgment incorporated an agreement reached by the parties. Pursuant to the judgment incorporating that agreement, the parties were purportedly awarded joint legal and physical custody of their two children, but the former wife was designated as the primary custodian and the former husband was awarded visitation rights and was ordered to pay child support. For purposes of this appeal, the pertinent part of their agreement states as follows:
“4. The parties agree that the [former husband] shall pay to the [former wife] the sum of $300 per week to be deposited into the [former wife]’s specified account for the support and maintenance of the minor children. Said child support shall continue until the youngest minor child reaches the age of majority or/and until the property, mobile home, and land are paid in full. The parties understand that they are not in compli- *1029 anee with Rule 32, A[la]. R. J[ud]. A[dmin].
[[Image here]]
“5. The parties agree that the [former wife] shall have and maintain use of the marital property located [in] ... Bear Creek .... The parties agree that the [former wife] shall also have all contents of said marital home. The parties further agree that the [former wife] shall be responsible for the indebtedness owed thereon. The parties agree that the [former husband] shall continue to pay the amount of $300 per week until the property is paid in full. Said $300 per week should be deposited into the [former wife]’s bank account by the [former husband] each week. The amount of $300 per week, which will be paid by the [former husband] for child support and the house payment, shall continue to be paid after the children reach the age of majority, until the said property is paid in full. Upon payment in full of the indebtedness owed on said property, the [former husband] agrees to sign any and all documents necessary in order to convey title of the Double Wide trailer and the land located at the above address to the [former wife]. The parties agree that a portion of the child support agreed to be paid by the [former husband] shall be used for the payment on the marital residence.”
(Emphasis added.)
On August 31, 2010, the former husband filed a petition to modify his child-support obligation, alleging that a material change in circumstances had occurred since the date the parties’ divorce judgment had been entered. The former husband alleged that the former marital residence had caught on fire and had suffered a total loss, that the mortgage on the former marital residence had been paid in full -with insurance proceeds, and that the parties’ oldest child had reached the age of majority. The former wife filed a general answer denying the allegations in the former husband’s modification petition, and she filed a counterclaim seeking, among other relief not pertinent to this appeal, a clarification of the parties’ divorce judgment, an order requiring the former husband to continue paying $300 a week until the mortgage on her replacement home was paid in full, and an order requiring the former husband to contribute to the post-minority educational expenses of the parties’ younger child.
The trial court conducted an ore tenus proceeding on December 7, 2010. On December 10, 2010, the trial court entered an order that stated, in pertinent part: “That the child support obligation of $300.00 per week, said obligation being also for the mortgage payment, is due to be modified.” After finding that the former husband was voluntarily underemployed, the trial court set the former husband’s child-support obligation at $176 per week. The former husband was also order to pay 75% of the younger child’s postminority educational expenses.
On January 6, 2011, the former wife filed a motion pursuant to Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the trial court’s judgment. After conducting a hearing, the trial court denied the former wife’s postjudgment motion, and the former wife timely appealed.
On appeal, the former wife argues (1) that the trial court erred in concluding that there had been a material change in circumstances sufficient to support a modification of the former husband’s child-support obligation; (2) that, even if the divorce judgment was ambiguous, the trial court should not have modified the former husband’s child-support obligation; and (3) that the trial court erred by failing to clarify the provisions of the settlement *1030 agreement that was incorporated into the parties’ divorce judgment.
Generally speaking, “matters of child support, including modifications thereof, are within the discretion of the trial court and ‘will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong.’ ” Morgan v. Morgan, 964 So.2d 24, 27 (Ala.Civ.App. 2007) (quoting Spears v. Spears, 903 So.2d 135, 136 (Ala.Civ.App.2004)). “Additionally, we point out that an agreement between parents fixing child support becomes merged into the divorce decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify.” Thompson v. Alexander, 579 So.2d 665, 666-67 (Ala. Civ.App.1991) (citing Ezell v. Ezell, 486 So.2d 446 (Ala.Civ.App.1986)).
“Although the ore tenus presumption applies to the trial court’s findings of fact, no such presumption adheres to the trial court’s application of the law to those facts. Ex parte Agee, 669 So.2d 102, 104 (Ala.1995). The [parties’] arguments are based upon the interpretation of certain provisions and terms in the parties’ ... agreement; such interpretations, like the interpretation of unambiguous contracts, are questions of law. See Agee, 669 So.2d at 105; Stacey v. Saunders, 437 So.2d 1230, 1233 (Ala. 1983).”
Laney v. Laney, 833 So.2d 644, 646 (Ala. Civ.App.2002).
On appeal, the former wife first argues that the former husband failed to demonstrate a material change in circumstances sufficient to support a modification of his child-support obligation. See Rule 32(A)(3)(b), Ala. R. Jud. Admin. (“A party seeking a modification of child support must plead and prove that there has occurred a material change in circumstances that is substantial and continuing since the last order of child support.”). She contends that, because the parties’ youngest child had not reached the age of majority and because the parties’ incomes had not materially changed since the time the divorce judgment was entered,[1] there had not been a material change in circumstances sufficient to support a modification of the former husband’s child-support obligation. The former husband argues that the agreement incorporated into the divorce judgment obligated him to pay $300 a week to the former wife in child support only until the mortgage debt on the former marital residence was paid in full and that, because that debt had been paid in full, a material change in circumstances existed to support the trial court’s modification of his child-support obligation.
Both parties’ interpretation of the agreement could be correct depending on how the language “or/and” in paragraph 4 of the agreement is applied. Paragraph 4 of the settlement agreement, insofar as it uses the conjunction “or/and” when setting forth the terms of the former husband’s child-support obligation, contains a patent ambiguity, i.e., an ambiguity “that is apparent upon the face of the instrument, arising by reason of inconsistency or uncertainty in the language employed.” Meyer v. Meyer, 952 So.2d 384, *1031 391 (Ala.Civ.App.2006). See also McCollum v. Atkins, 912 So.2d 1146, 1148 (Ala. Civ.App.2005) (quoting Jacoway v. Brittain, 360 So.2d 306, 308 (Ala.1978)) (“‘A patent ambiguity is not a true ambiguity; it is merely confusion created on the face of the [instrument] by the use of defective, obscure or insensible language.’ ”). It is well settled that extrinsic evidence, including parol evidence, may not be considered to resolve any doubt caused by a patent ambiguity that exists on the face of an instrument. McCollum, 912 So.2d at 1148. Moreover, the determination of the meaning of a patent ambiguity is a question of law; accordingly, this court will review the trial court’s determination of the meaning of the patent ambiguity de novo. Id.
‘“[A] settlement agreement which is incorporated into a divorce decree is in the nature of a contract.’ Smith v. Smith, 568 So.2d 838, 839 (Ala.Civ.App. 1990). A divorce judgment should be interpreted or construed as other written instruments are interpreted or construed. Sartin v. Sartin, 678 So.2d 1181 (Ala.Civ.App.1996). ‘The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them.’ Id., at 1183. Whether an agreement is ambiguous is a question of law for the trial court. Wimpee v. Wimpee, 641 So.2d 287 (Ala.Civ.App.1994). An agreement that by its terms is plain and free from ambiguity must be enforced as written. Jones v. Jones, 722 So.2d 768 (Ala.Civ.App.1998). An ambiguity exists if the agreement is susceptible to more than one meaning. Vainrib v. Downey, 565 So.2d 647 (Ala.Civ.App. 1990). However, if only one reasonable meaning clearly emerges, then the agreement is unambiguous. Id. Finally, if a provision of an agreement is certain and clear, it is the duty of the trial court to determine its meaning, and the court’s determination is afforded a heavy presumption of correctness and will not be disturbed unless it is clearly erroneous. Id.”
R.G. v. G.G., 771 So.2d 490, 494 (Ala.Civ. App.2000).
After a review of the entire settlement agreement, without considering the extrinsic evidence presented during the ore tenus hearing, see Martin v. First Nat’l Bank of Mobile, 412 So.2d 250, 253 (Ala.1982) (the court may not look beyond the four corners of the instrument unless a latent ambiguity exists), we conclude that the patent ambiguity must be resolved as an “and” instead of an “or” in order to be consistent with the remainder of the parties’ settlement agreement, specifically the language set forth in paragraph 5 that is emphasized above. If we adopted the former husband’s interpretation of paragraph 4, by using only the conjunction “or,” the agreement could be interpreted as extinguishing the former husband’s obligation to pay the former wife $300 per week at the time that the younger child attained the age of majority, even if the mortgage debt on the former marital residence had not been paid in full at that time, despite the fact that paragraph 5 clearly indicates that the former husband’s obligation to pay the former wife $300 per week continued until the mortgage debt secured by the former marital residence was paid in full. Use of the conjunction “or” in paragraph 4 would also be inconsistent with the part of paragraph 5 that requires the former husband to continue to pay the former wife $300 per week “after the children reach the age of majority, until the [mortgage debt secured by the marital] property is paid in full.”
Therefore, we agree with the former wife that the parties’ agreement provided *1032 that the former husband’s obligation to pay the former wife $300 per week as child support continued until the parties’ younger child reached the age of majority and the former marital residence, i.e., the mobile home and the land upon which it was situated, was paid in full. Although the mortgage debt on the former marital residence had been paid in full, it was undisputed that the parties’ younger child had not attained the age of majority at the time of trial. Accordingly, because the parties’ younger child had not yet attained the age of majority, that part of the trial court’s judgment modifying the former husband’s child-support obligation is due to be reversed, and we remand the cause to the trial court for further proceedings consistent with this opinion.
Next, the former wife argues that, if this court finds that the parties’ agreement was ambiguous, we must construe the agreement in favor of the former wife, thus resulting in a reversal of the trial court’s judgment modifying the former husband’s child-support obligation. However, because we have reversed the trial court’s judgment modifying the former husband’s child-support obligation and because we have determined that the agreement, considered as a whole, is not ambiguous, we pretermit further discussion of this part of the former wife’s argument on appeal.
Finally, the former wife argues that the trial court erred by failing to “clarify” the divorce judgment “to provide for the spirit of the property settlement that the parties bargained for.” She contends that the former husband’s agreement to pay her $300 a week in child support, insofar as it was to extend beyond the date that their younger child reached the age of majority, was an award of alimony in gross and “suggests” that she could have expected to receive $300 a week until she owned a home and land free of any mortgage indebtedness.
“An alimony-in-gross award ‘must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’” Daniel v. Daniel, 841 So.2d 1246, 1250 (Ala.Civ.App.2002) (quoting Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App. 1986)). We cannot conclude that the parties’ agreement awarded the former wife a vested right to a certain amount of alimony. The agreement obligated the former husband to continue paying the former wife $300 a week after the parties’ younger child attained the age of majority only in the event that the mortgage debt secured by the former marital residence was not paid in full by the time the parties’ younger child attained the age of majority. Thus, if the mortgage debt on the former marital residence has been paid in full before the parties’ younger child attains the age of majority, the former wife will have no continuing right to receive weekly payment of $300 after the parties’ younger child attains the age of majority.
Regarding the former wife’s contention that the intent of the agreement was to award her a home and land with no mortgage indebtedness, we note that the intent of the parties must be derived by giving “ ‘[t]he words of the [parties’] agreement ... their ordinary meaning.’ ” R.G. v. G.G., 771 So.2d at 494 (quoting Sartin v. Sartin, 678 So.2d 1181, 1183 (Ala.Civ.App. 1996)). Moreover, although a trial court has authority to clarify the terms of an ambiguous divorce judgment, the trial court cannot use that power to modify property-division provisions in a divorce judgment, which become final after 30 *1033 days. Mullins v. Mullins, 770 So.2d 624, 625-26 (Ala.Civ.App.2000). The plain language of the parties’ agreement clearly awards the former wife the “marital property,” i.e., the former martial residence, and delegates responsibility for the debt owed thereon to the former wife. The former husband’s obligation to contribute to the payment of the debt secured by that property was to continue until “the property [wa]s paid in full.” It was undisputed that the debt secured by the former marital residence was paid in full at the time of trial. There is nothing ambiguous about the parties’ agreement insofar as it required the former husband to contribute only to the debt secured by the former marital residence. Therefore, the trial court had no authority to “clarify” the judgment in the manner requested by the former wife. Accordingly, we cannot conclude that the trial court erred by failing to hold that the former husband had an obligation to contribute to a mortgage debt that was not secured by the former marital residence. Thus, the trial court’s judgment in this regard is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The record revealed that the former husband's income was approximately $4,000 a month at the time the parties divorced. At the time he filed his petition to modify, the CS-41 Child-Support-Obligation Income Statement/Affidavit filed by the former husband stated that his monthly income was $4,166, an increase of $166 a month. The record also revealed that, since the time of the divorce, the former wife’s income had increased from $1,179 a month to $1,344 a month, an increase of $165 a month.