This is a child support case.
The parties were divorced in 1987 in North Dakota. The divorce decree provided for joint custody of the parties' two minor children, with the mother having primary physical custody. The father was ordered to pay $800 per month child support.
Subsequent to the divorce, the father moved from North Dakota to Mobile, Alabama to begin a new job as a hospital administrator. The mother soon relocated to allow the children to live nearer to the father.
In 1991 the mother filed a petition for rule nisi in the Circuit Court of Mobile County, alleging that the father owed an arrearage of about $4,500. The father filed an answer to the complaint, alleging that he had partially paid child support as ordered and that he was due credit for paying the private school tuition of one child. The father also filed a petition to modify the monthly child support obligation, based on a material change in his financial situation.
After an ore tenus proceeding on the parties' petitions, the trial court entered an order requiring the father to pay an arrearage of $6,000, but did not find the father in contempt. The father's motion to modify was denied. The father's subsequent motion for reconsideration was also denied and this appeal ensued.
We begin by recognizing that issues related to child support are left to the discretion of the trial court, and its judgment on such matters will not be reversed absent an abuse of discretion. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App. 1987).
The record shows that the father was employed as a hospital administrator at the time of divorce, and accepted a position with a Mobile hospital soon thereafter. The father's job in Mobile was terminated in July 1990. From that time until March 1991, the father reduced his monthly child *Page 895 
support payment to $150, but paid $200 per month for one of the children's private school tuition. The father testified at trial that he did this because the child suffers from Tourettes Syndrome, a disorder of the nervous system that causes her to be learning disabled. The private school offers special help for the child.
The father argues that the trial court erred in failing to award him credit for the payments he has made for the private school tuition. However, such credits are not automatically awarded, even where the parent offers evidence of the amount actually expended; rather, it is left to the trial court's discretion to determine whether such credits should be applied.McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App. 1982).
Here, the father's efforts to provide an education for the afflicted child may be commendable; however, in order to pay for her education the father chose to unilaterally reduce the payments which provide for the basic needs of both children. The mother testified at trial that, during the time that the father was paying the child's tuition, she could not pay her rent each month. The mother indicated that she could not pay for the children's food, clothes, and shelter without child support from the father as ordered by the North Dakota trial court. The mother is employed as a secretary earning $4.75 per hour. In view of this evidence, we do not find that the trial court abused its discretion by refusing to grant the father credit for the tuition fees he paid.
The father next argues that the trial court erred in failing to grant him a modification of child support in view of the evidence presented.
The record shows that the father has not earned any substantial income since he lost his job as a hospital administrator in June 1990. Since that time, he has vigorously sought employment but his efforts to earn income have failed. The father took money out of his retirement plan in order to pay a reduced amount of child support after he lost his job. The father has remarried and is presently being supported by his new wife. The father testified at trial that he was pursuing a job opportunity in Ohio and that he was also attempting to begin a private business; however, there is simply no evidence to indicate that the father has any means with which to pay $800 per month child support at this time.
While the trial court is afforded the discretion to determine whether there has been a material change in a parent's circumstances, it is not at liberty to ignore undisputed evidence concerning a parent's ability to pay. Wise v. Wise,396 So.2d 111 (Ala.Civ.App. 1981). In view of this, the trial court abused its discretion in failing to grant the father's motion to modify. We therefore reverse the trial court's judgment and remand for entry of judgment in accordance with this opinion. However, in doing so, we point out that child support is never res judicata and may be increased upon proof of changed circumstances. Latham v. Latham, 570 So.2d 694
(Ala.Civ.App. 1990).
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.