ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child support modification case.
The parties’ divorce in 1989 was based on a mutual agreement drafted by their re *994 spective attorneys and ratified by the trial court. Pursuant to the agreement, the mother was given custody of the parties’ two minor children, and the father agreed to pay $500 per month child support. The agreement provided visitation rights for the father and set out various other obligations concerning the children.
In 1991 the mother filed a petition for rule nisi in the circuit court, alleging that the father was in indirect criminal contempt for irresponsible conduct during visitation with the children. The mother also sought an increase in child support based on a change of circumstances.
After an ore tenus proceeding, the trial court entered an order finding that the father was in indirect contempt and giving him a suspended jail sentence of two days. The trial court then granted the mother’s petition for modification and raised the father’s child support obligation to $886.59 per month, in accordance with the child support guidelines set out in Rule 32, Alabama Rules of Judicial Administration. The father filed a motion for new trial, which was denied. He now appeals only from the trial court’s judgment on the issue of child support.
The father first argues that the divorce agreement entered into by the parties was an integrated bargain that permanently fixed his child support obligation at $500.
After reviewing the lower court proceedings, it is clear that the father has raised the theory of integrated bargain for the first time on appeal. The parties’ agreement was not entered into evidence, nor was the issue otherwise articulated for the trial court’s consideration. We are thus precluded from considering it; arguments and defenses not raised at the lower court level cannot be presented for the first time on appeal. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990). However, we do note that this court has held that child support cannot be governed by an integrated bargain between the parties. Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App.1992).
The father’s other argument is that the trial court erred in applying the child support guidelines because there has been no change of circumstances justifying a modification of support.
Before the child support guidelines may be applied in a modification case, the party seeking the change must show that there has been a material change of circumstances that is substantial and continuing. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1991). At trial, the mother testified that the children’s needs have increased since the time of the divorce because they are older and more involved in various activities. She stated that the children’s basic food and clothing expenses are now greater and will most probably continue to increase. The mother also testified that although the son is in classes for gifted children, he is unable to participate in all class activities because she cannot afford to pay for them. The daughter also has increased expenses due to extracurricular activities. The mother did concede that her salary has increased by approximately $10,-000 per year since the divorce and that she now grosses $33,430 per year. However, the father testified that he earns about $40,940, as well as overtime income.
It is within the sound discretion of the trial court to determine whether there has been a material change of circumstances to warrant modification of child support, and its judgment on the issue will not be reversed unless it is plainly and palpably wrong. Moore. After reviewing the record in full, we find that there is adequate evidence to support the trial court’s determination that a change of circumstances has taken place. We therefore conclude that the trial court did not err in applying the guidelines to the modification of child support. Moore.
We note that the guidelines need not be applied when the court makes a written finding upon the record that such an application would be unjust or inappropriate because there exists “a fair, written agreement by the parties establishing a different amount and stating the reasons therefore.” Rule 32(A)(i), A.R.J.A. The court did not *995 make such a written finding in this case. As stated, the father did not even present the agreement of the parties for the court’s consideration. The exception in Rule 32(A)(i) is thus inapplicable here. The trial court’s judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.