PER CURIAM.
Walter L. Gordy, Jr. (father) and Booker L. Gordy Glance (mother) were divorced by the Superior Court of Maricopa County, Arizona, on August 16, 1990. The judgment of divorce incorporated an agreement by the parties regarding child custody, visitation, child support, spousal maintenance, and the division of assets and liabilities. The mother was awarded legal custody of the parties’ minor son and the father was awarded visitation with the minor son once a quarter for a three-day weekend in Arizona and at all other times mutually agreed upon by the parties. The father was ordered to pay the mother on or before December 20, 1990, the sum of $2,000; on or before December 20, 1991, the sum of $4,333; on or before December 20, 1992, the sum of $4,333; and on or before December 20,1993, the sum of $4,334, as nonmodifiable and nonterminable spousal maintenance. The father was ordered to pay child support in the amount of $595 per month through January 1991; beginning on February 1, 1991, the father was ordered to pay child support in the amount of $650 per month. All child support payments were to be paid through the Maricopa County clerk. The mother was ordered to provide and maintain health insurance on the parties’ minor son, and the parties were ordered to split (based on their comparative incomes) the amount of the minor child’s medical bills not covered by insurance.
In 1991, the mother remarried and moved with the parties’ minor son to Auburn, Alabama. On November 12, 1992, the father filed a petition for modification of child support, visitation, and spousal maintenance in the Lee County Circuit Court. The father sought a reduction in his child support and spousal maintenance obligations, alleging a material change in circumstances. The father also requested that the mother be found in contempt of court for failing to pay certain debts as ordered in the judgment of divorce. The mother filed an answer, and on March 18, 1993, she filed an amended answer and a motion requesting that the trial court find the father in contempt of court for failing to pay the spousal support and certain debts as ordered in the judgment of divorce.
Following an ore tenus proceeding, the trial court entered a judgment, domesticating the Arizona judgment of divorce and denying the father’s petition to modify his child support obligation. The trial court also denied the father’s request to modify the award of spousal maintenance, finding that it was the same as alimony in gross under Alabama law, and denied both parties’ motions to have the other found in contempt of court for failing to pay debts as ordered in the judgment of divorce. The trial court granted the father’s request for an increase in his visitation rights with the parties’ minor son. However, the trial court found the father in contempt for failing to pay the spousal support as ordered in the judgment of divorce.
The father’s sole issue on appeal is whether the trial court abused its discretion by denying his petition for a reduction of his child support obligation by not applying the child support guidelines, Rule 32, Ala.R.Jud.Admin.
Rule 32(A)(2)(i), Ala.R.Jud.Admin., provides: “The provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.” See Moore v. Moore, 575 So.2d 95, 96 (Ala.Civ.App.1990). (Emphasis added.)
The father contends that his overall financial situation had changed since the entry of the judgment of divorce and, thus, that there had been a material change in circumstances.
A review of the record reveals a divorce that incorporated a settlement agreement of the parties, wherein the father agreed to provide generous support for his son. The father had a substantial income for the years preceding 1990, when the divorce was final, *461 with an adjusted gross income in 1989 of $76,191. At the time of the modification hearing, his overall financial picture and his standard of living had suffered a drastic change since the divorce and clearly supported his claim of changed circumstances that were both substantial and continuing. For the years 1990 through 1992, the father, due to his failure to find permanent employment, suffered a drastic reduction in income, with an adjusted gross income for 1990 and 1992 of $14,715 and $11,667, respectively. After carefully considering the record evidence, we find that the father showed such a substantial and continuing change in his financial circumstances to justify the application of Rule 32, Ala.R.Jud.Admin. Therefore, the trial court erred in not applying the child support guidelines in this case. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
We note that child support is always subject to modification based on changed circumstances and a parent’s ability to pay; consequently, the mother will be entitled to petition for an increase in the future, if warranted. See Banks v. Spurlock, 470 So.2d 1300 (Ala.Civ.App.1985).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in the result only.