This is a post-divorce case.
In 1980, the trial court divorced the parties, Linda Lou Douglass (mother) and Larry Blane Douglass (father), and, among other things, awarded the mother custody of their two minor children, $200 per month as "alimony and child support," and the use of the marital residence until she remarried. In May 1981, the judgment was amended to order the father to pay $200 per month "as child support." Upon a joint motion of the parties, the trial court amended that judgment in December 1982 to provide that the father convey his one-half interest in the marital residence to the mother "as satisfaction of all past due child support payments and as pre-payment of all future child support, except as set forth hereinafter." The court also reduced the father's child support obligation to $50 per child per month.
In November 1985, subsequent to a hearing on the mother's motion to modify, the trial court found no material change in circumstances and affirmed the 1982 order, based upon an agreement of the parties, and added a provision ordering the father to maintain insurance on the minor children and to pay "for any extraordinary medical and dental bills including orthodontic work" and one-half of certain counseling expenses.
In June 1994, the mother filed several motions, including a motion asking the court to find the father in contempt, a motion to modify and increase child support, and a motion seeking college expenses for their minor child. She alleged that the father had willfully refused to pay medical expenses and that a material change in circumstances warranted an increase in the amount of child support. She further alleged that "it was never intended that the [father]'s relinquishment of his interest in the homeplace constitute a bar to her receiving additional child support during the children's minority." She also sought an order requiring the father to pay the reasonable college expenses for their son, as well as attorney fees. In response, the father sought a modification to remove the requirement that he provide dental insurance and pay for extraordinary medical and dental expenses, including orthodontic bills, contending that he had changed employment and did not have dental insurance, and that he now earned significantly less. He also contended that his obligation to pay child support and insurance were due to be terminated because the parties' younger child had reached the age of majority since the filing of the mother's pleadings.
After ore tenus proceedings, the trial court entered an order, which, in pertinent part, states:
 "1. The Court does find the [father] in contempt of Court for failure to pay extraordinary medical, and dental and orthodontic bills. . . .
 "2. The [mother] is awarded a judgment in the amount of $5,542.02 representing reimbursement for extraordinary medical expenses for the minor children of the marriage.
 "3. The Court does increase child support to [$]185.00 per month pursuant to the guidelines effective June 20, 1994 and ending November, 1994. Same is in compliance with Rule 32, A.R.J.A. . . .
 "4. The Court does deny the Motion to require the [father] to pay college support for the 19 year old son.
". . . .
 "6. The [father] is ordered to pay the orthodontic care for the son of the marriage. . . . The [father]'s obligation for the orthodontic care shall be limited to $3,000.00." *Page 930 
The father appeals, raising several issues: (1) whether the trial court erred in increasing child support; (2) whether the trial court abused its discretion in finding that the son's medical bills for which the mother sought reimbursement were extraordinary; (3) whether the trial court abused its discretion by ordering the father to pay orthodontic and extraordinary medical expenses; and (4) whether the trial court granted post-minority support in substance, although it denied that request in form.
It is well established that child support and its subsequent modification are matters that rest within the sound discretion of the trial court and that its judgment on those matters will not be reversed absent a showing of an abuse of discretion or a showing that the judgment is plainly and palpably wrong.Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App. 1992); Brannonv. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). Furthermore, one's obligation to support his or her children cannot be permanently removed by an agreement, a release, or a judgment if circumstances require future support. Tucker v. Tucker,403 So.2d 262 (Ala.Civ.App. 1981).
The father first argues that the evidence did not support an increase in child support and that the trial court erred in applying the guidelines of Rule 32, Ala.R.Jud.Admin. Rule 32(A)(3)(b) states:
 "There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines."
It is noteworthy that the existing support order was entered before the effective date of the guidelines, and, therefore, did not result "from a rebuttal of the guidelines." Record evidence clearly demonstrates a variation greater than 10%, and there was ample testimony regarding the increased needs and expenses of the minor child that would support a finding of a material change in circumstances, had such a finding been necessary. Furthermore, the father has presented no justification for deviating from the guidelines. Accordingly, we cannot say that the trial court abused its discretion in increasing the father's child support obligation. The father's argument that the trial court erred in failing to allow him credit toward his child support obligation for monies he paid in excess of the prior-ordered amount also fails. The record does not indicate that the father requested that the trial court allow him such credit. See Pittman v. Pittman,598 So.2d 993 (Ala.Civ.App. 1992). Furthermore, matters concerning child support, including matters regarding credits, are within the discretion of the trial court, and the father has simply failed to show any abuse of discretion. See Crawford v.Bullock, 587 So.2d 363 (Ala.Civ.App. 1991); see also Brannon,477 So.2d 445.
Next, without citing supporting authority, the father argues that the trial court abused its discretion in ordering him to reimburse the mother for certain extraordinary medical expenses of their minor children. He argues that the trial court ordered the reimbursement, without consideration of whether the expenses were in fact extraordinary, and without regard for his present ability to reimburse the mother. He additionally argues that the trial court abused its discretion in ordering him to pay orthodontic expenses to be incurred after the son's nineteenth birthday.
In its 1985 order, the trial court ordered the father to "maintain hospitalization insurance and dental insurance on the minor children of the parties and be responsible for any extraordinary medical and dental bills including all orthodontic work." It is undisputed that the child's need for the orthodontic care has been ongoing for several years and that the father has refused the mother's requests for financial assistance in that regard. The mother's petition seeking to enforce the provisions of the prior order requiring the father to pay orthodontic expenses was filed during the son's minority. Additionally, the mother testified that the delay in *Page 931 
obtaining orthodontic care for the child was based upon her financial inability to provide the needed care and the father's refusal to abide by the prior order.
The mother asserts on appeal that the evidence suggests that the trial court denied her request for post-minority educational support because the father might not have had the financial ability to reimburse for extraordinary medical expenses, to pay for the orthodontic work, and to provide educational support. The record contains conflicting testimony regarding the father's financial ability to be responsible for the needed orthodontic work and other court-ordered expenses related to supporting his children, or whether the father simply refused to abide by the court's order.
We recognize the trial court's unique ability to observe the demeanor and credibility of the witnesses, as well as to hear the testimony firsthand. A presumption of correctness attaches to a trial court's findings that are based upon conflicting testimony. The resulting judgment will not be disturbed on appeal absent a showing of an abuse of discretion or a showing that it is plainly and palpably wrong. West v. West,600 So.2d 1043 (Ala.Civ.App. 1992); Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990). While the evidence regarding the father's ability may be conflicting, ample information upon which to base a determination is present in the record and supports the trial court's order. Accordingly, we find no error.
The father's last argument is that the judgment of the trial court is, in effect, an erroneous award for post-minority educational support, in spite of its express denial of that relief. He contends that, in essence, the trial court granted the request for post-minority support "by amassing a staggering sum to be paid to [the mother] post-minority, which would constitute a fund from which [the son]'s post-minority educational expenses would be paid." Our review of the trial court's order, particularly concerning the monetary awards, discloses that the father was allowed to purge himself of contempt for his failure to pay previously ordered expenses, by obeying future orders. Further, he was merely ordered to make certain payments and to "make arrangements for the son to get the orthodontic care within 90 days of this court order." There is simply nothing in the trial court's order or this record to indicate that the trial court indirectly or improperly granted post-minority support.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
The mother's request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.