The State, on behalf of Sandra G. Solaiman, appeals from the trial court's dismissal of a petition for modification of an earlier child support order. We reverse and remand.
Solaiman and her former husband, Freidoun S. Aviki, were divorced in February 1991. They have three children, a son who is now over the age of majority and two daughters who are now approximately 12 and 13 years old. The divorce judgment ordered the father to pay child support of $450 per month. In late 1991, after the mother sought the assistance of the Alabama Department of Human Resources ("DHR") in collecting past due child support and other expenses from the father, DHR intervened in the case. In April 1992, DHR petitioned the trial court to hold the father in contempt because, it alleged, he owed past due child support and reimbursement for medical and educational expenses to the mother. In January 1993, the trial court entered a judgment establishing the arrearage owed by the father and requiring him to satisfy that arrearage by paying an additional $25 per month to the mother. In the January 1993 judgment, the trial court also stated: "The oral request *Page 20 
for modification is denied as the Court feels this would cause the situation between the parties to become intolerable."
In November 1994, DHR formally petitioned the court to modify the divorce judgment by increasing child support. The trial court denied that petition less than two weeks later, without a hearing. The order denying the modification expressed the court's concern about threats against the court said to have been made by the father, stated that the court previously had calculated an amount of child support it considered fair and equitable under the particular circumstances of this case, and refused to modify the child support previously ordered because, the court said, it had reviewed the situation less than two years before and because the animosity of the mother and father toward each other was so pronounced. DHR did not appeal from that order.
In June 1995, DHR again petitioned the court to modify the child support provisions of the divorce judgment. DHR also asked the trial judge to recuse himself from the case. The docket sheet reflects an entry in August 1995 that states: "No ruling made on motion for recusal." In December 1995, the father filed a pro se response to the petition for modification, in which he denied the allegations of DHR's petition and stated the reasons why he felt his child support payments should not be increased. On April 8, 1996, without ever having held a hearing, the trial court dismissed the petition, stating that the father had filed a response "in the nature of a Motion to Dismiss" and that it had granted the father's motion "[b]ecause of the particular nature of this case and the Court's recollection of the events and facts leading to the Order in this case." After the trial court denied DHR's post-judgment motion, DHR appealed.
DHR argues that the trial court abused its discretion by treating the father's response as a motion to dismiss and by dismissing its petition for modification without a hearing. The father did not file a brief with this court.
We need not address DHR's argument that the father's response was not a proper motion to dismiss. Even if the father's response could have been so construed, the trial court clearly erred in dismissing, without a hearing, the Department's petition requesting the modification of child support.
The trial court's dismissal of DHR's petition is governed by Rule 12(b)(6), Ala.R.Civ.P. A dismissal should be granted sparingly, and properly is granted only when it appears beyond a doubt that the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief. Garrett v. Hadden,495 So.2d 616 (Ala. 1986). Upon review of a dismissal, the appellate court must examine the allegations contained in the complaint and construe them so as to resolve all doubts relating to the sufficiency of the complaint in favor of the plaintiff.Fontenot v. Bramlett, 470 So.2d 669 (Ala. 1985). The court must then determine whether the plaintiff could prove any set of circumstances that would entitle the plaintiff to relief under some cognizable theory of law. Dawson v. Bank Independent,602 So.2d 351 (Ala. 1992); Rice v. United Ins. Co. of America,465 So.2d 1100 (Ala. 1984). In so doing, the appellate court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff has stated a claim under which it may possibly prevail. Fontenot, 470 So.2d at 671.
DHR's petition alleges that since the mother and father were divorced in 1991 there has been a material change in circumstances, in that, it says, the needs of the minor children have increased and the father's income has increased. DHR further alleges that upon application of Alabama's child support guidelines, Rule 32, Ala.R.Jud.Admin., to the present circumstances of the mother and the father, an increase in child support of more than 10% would be recommended. We recognize that, in his response, the father vehemently disputes those allegations. Nevertheless, after reviewing the allegations of DHR's petition and construing them in its favor, we conclude that, conceivably, DHR could have proved a set of circumstances that would have entitled it to relief, and that DHR should have been allowed to proceed against the father and to attempt to prove a material change in circumstances *Page 21 
that would have entitled the children to an increase in child support.
DHR's allegations, if proven to be true, would have triggered the application of Rule 32(A)(3)(b) of the guidelines. Rule 32(A)(3)(b) provides:
 "There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines."
The father, of course, would have been afforded the opportunity to rebut that presumption.
We agree with DHR that neither the father's alleged hostility nor the apparent adversarial position of the mother and father should have foreclosed the children's opportunity to have the trial court determine whether the child support paid by their father should be increased to accommodate their alleged increased needs. A child support action, particularly, should be heard on its merits. This court has previously stated that "child support is always subject to modification based on changed circumstances and a parent's ability to pay." Gordy v.Glance, 636 So.2d 459, 461 (Ala.Civ.App. 1994). Furthermore, a trial court's application of the child support guidelines is mandatory. Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App. 1991).
The judgment dismissing DHR's petition is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.