THOMAS, Judge,
concurring in part and dissenting in part.
I concur with the main opinion insofar as it affirms the trial court’s denial of the father’s petition to modify custody and insofar is it affirms the trial court’s decision not to hold the mother in contempt. However, I dissent from the main opinion insofar as it reverses the trial court’s denial of the father’s petition to modify his child-support obligation.
“An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing.” Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). I do not think that the father could, at the time of trial, which occurred only four months after he was laid off from his employment, show that the change of his circumstances was sufficiently continuing in nature to warrant a modification of his child-support obligation. I find that the facts of this case are distinguishable from Rotar v. Weiland, 591 So.2d 893 (Ala.Civ.App.1991), and King v. Barnes, 54 So.3d 900 (Ala.Civ. App.2010), on which the main opinion relies. The father in Rotar had been unable, despite his best efforts, to find meaningful employment for a period of over nine months. Rotar, 591 So.2d at 894-95. The father in King had been unable to find meaningful employment for a period of over one year. King, 54 So.3d at 904. Thus, the fathers in Rotar and King had experienced meaningful changes in their circumstances that had lasted far longer than the changes of the father’s circumstances in this case. Consequently, the father, although he may have experienced a material change in his circumstances, could not yet show that that change was continuing in nature at the time of trial. Therefore, I would affirm the trial court’s denial of the father’s petition to modify his child-support obligation.