THOMPSON, Presiding Judge.
Alvaro Marcelo Campos (“the father”) appeals from a judgment of the Chilton Circuit Court (“the trial court”) denying his petition to modify his child-support obligation.
In 2011, the father and Victoria Charlene Hilyer formerly known as Victoria Charlene Campos (“the mother”) were divorced by a judgment of the District Court of Denton County, Texas (“the Texas court”). Pursuant to the parties’ divorce judgment, the father was required to pay $1,500 per month in child support for the parties’ child.
On July 10, 2013, the father filed in the trial court a petition to register the parties’ divorce judgment and to modify his child-support obligation. In his petition, the father stated that he had sought a modification of his child-support obligation in the Texas court but that the Texas court had “renounced jurisdiction” over the matter because neither the father, nor the mother, nor the child resided in Texas any longer. At the time the father filed the modification action in the Texas court, the mother and the child were living in Alabama and the father was living in Florida.
On August 6, 2013, the State of Alabama filed a motion to intervene on the mother’s behalf; that motion was granted. The State then filed an answer and a counterclaim to the father’s petition. In its pleading, the State argued that the father’s petition was due to be denied on the ground that the father sought his desired relief with unclean hands because, the State alleged, the father was in arrears on his child-support obligation. The State asked the trial court to register the divorce judgment for enforcement, to deny the father’s petition to modify child support, and to hold the father in contempt for his alleged failure to pay child support. On August 15, 2013, the father filed an answer to the State’s counterclaim . and denied that he was in arrears on his child-support obligation.
On February 21, 2014, the trial court entered a judgment that stated, in full: “Case called on Foreign Judgment issue and the modification of child support. Argument heard. Upon review of statute cited and review of the file, Modification denied.”
On March 14, 2014, the father filed a motion to alter, amend, or vacate the trial court’s February 21, 2014, judgment. The father claimed that the trial court had received no testimony regarding the alleged material change in circumstances warranting modification, and the father asked the trial court to schedule an eviden-tiary hearing on the matter; that motion was denied by operation of law on June 12, 2014. See Rule 59.1, Ala. R. Civ. P. The father timely appealed. Upon receiving the appeal, this court determined that there had been no ruling on the State’s counterclaim for contempt and, thus, that there was no final judgment that would support an appeal. See Austin v. Austin, 102 So.3d 403, 406 (Ala.Civ.App.2012) (“Generally, this court’s appellate jurisdiction extends only to final judgments.”); and § 12-22-2, Ala.Code 1975. Therefore, this court entered a January 20, 2015, order, reinvesting the trial court with jurisdiction. On February 4, 2015, the trial court entered a judgment denying the State’s counterclaim for contempt, thereby entering a final judgment over which this court has appellate jurisdiction.
*635 We begin our analysis by noting that the record on appeal does not indicate whether the trial court registered the parties’ divorce judgment pursuant to § 30-3A-602, Ala.Code 1975. The father filed in the trial court two certified copies of the divorce judgment, and both parties requested in their pleadings that the trial court register the judgment. Thus, the trial court should have registered the divorce judgment, and we instruct the trial court, on remand, to do so.
The dispositive issue on appeal is the father’s argument that the trial court erred in denying his modification petition without holding an evidentiary hearing. In State ex rel. Solaiman v. Aviki, 694 So.2d 19 (Ala.Civ.App.1997), this court held that the dismissal of an action for a child-support modification, without holding an evidentiary hearing, was reversible error. “A child support action, particularly, should be heard on its merits.” Id. at 21. Although we recognize that Solaiman involved a dismissal, rather than a denial, of a petition to modify child support, the underlying principle, i.e., that a petition to modify child support should be decided on its merits, is equally applicable to either a dismissal or a denial of a petition to modify child support.
In this case, the trial court’s judgment indicates that the trial court denied the father’s petition after reviewing an undisclosed statute, reviewing the case file, and hearing arguments. See Deng v. Scroggins, 169 So.3d 1015, 1030 (Ala.2014)(“The arguments of counsel are not evidence.”). The father correctly concedes that he carries the burden of showing a material change in circumstances before his child-support obligation can be modified. See Poh v. Poh, 64 So.3d 49, 56 (Ala.Civ.App.2010). However, the father has not yet had the opportunity to meet that burden. Thus, we reverse the trial court’s judgment and remand the cause for the trial court to register the parties’ divorce judgment pursuant to § 30-3A-602, Ala.Code 1975, if it has not already done so, and to hold an evidentiary hearing on the father’s petition to modify his child-support obligation. We make no determination as to whether the father is entitled to have his child-support obligation modified; we merely hold that the father is entitled to a hearing wherein he will be afforded the opportunity to present evidence supporting his claim.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.