THOMPSON, Presiding Judge.
Melissa Kay Humber ("the mother") appeals from a judgment of the Walker Circuit Court ("the trial court") suspending the child-support obligation of Austin Levi Humber, Jr. ("the father"), "until such time [as the mother] can prove to the Court beyond a reasonable doubt that [the father] can pay the court ordered child support."
The record indicates the following. The parties divorced in 2003. According to the pleadings in this matter, on June 23, 2006, the trial court ordered the father to pay child support in the amount of $1,299 for the parties' two children. On September 16, 2015, the father filed in the trial court a petition to modify his child-support obligation alleging that, since the entry of the June 2006 order, there had been a material change in circumstances warranting modification of that order. At the May 27, 2016, hearing on the modification petition, the father testified that he had worked for United States Steel Corporation ("USX") for 21 years but that he had been laid off on August 23, 2015. The father testified that whether USX would call him back was "still up in the air."
Evidence demonstrated that, before he was laid off, the father's annual gross income was $53,463. When the 2006 child-support order was entered, the father had earned a gross annual income of $64,800. At the time of the hearing, the father testified that the unemployment benefits he had received from the State of Alabama because of the layoff had expired. However, the record indicates that he had not sought to make a new claim for further state unemployment benefits, which his notice of final payment under his initial claim directed. The father testified that he still received "supplemental unemployment *670 benefits" from USX. Documents showed that, from January 1, 2016, to April 2, 2016, the father had received $5,394 from USX. He said that he received from USX a net income of $465 every two weeks but that he would lose the supplemental unemployment benefits after he had been laid off for two years. He also continued to receive family health insurance through USX. The father testified that he is not able to meet his monthly child-support obligation of $1,299 because, he said, he does not even bring home that much money each month. Evidence indicates that the father had made partial payments of varying amounts toward his child-support obligation at various times since being laid off.
The father said that he had applied for dozens of jobs since being laid off from USX and that he had even had some offers. However, he said, the jobs he was offered paid between $8 and $9 an hour. The father testified that, after taxes, he received approximately the same amount from his supplemental unemployment benefits from USX as he would have received from those jobs. Furthermore, if he took one of those jobs, the father said, USX required that he take the new employer's health insurance as his primary insurance. USX provided the family with health insurance at no cost to the father. The father said that he felt like he was "stuck between a rock and a hard place" regarding whether it was better to remain unemployed and rely on his USX supplemental unemployment benefits or to accept a lower-paying job.
The father testified that, at the time of the hearing, he was enrolled in a program that "pays for people that were displaced because of foreign products to learn another trade," and, through that program, he was enrolled at a community college, taking courses to become an electrician.
The father also testified that, when he was laid off, he was just two days from being fully vested with USX for retirement purposes. He explained USX's retirement policy and said that, because of the layoff, he now had to wait until August 2017, the month he turns 47, to be eligible to receive his pension. He said that he did not know the specific amount his pension benefit would be at that time, but he estimated that it would be between $2,200 and $2,500 a month.
The mother testified that she was an area supervisor for a fast-food restaurant. She said that her gross annual income at the time of the hearing was $89,400. At the time of the hearing, the parties' children were ages 16 and 14.
The evidentiary hearing was held on May 27, 2016. That same day, the trial court filed a completed "Child-Support Guidelines" form ("the CS-42 form") on which it calculated the parties' respective child-support obligations. The form reflects that the father had a gross monthly income of $1,560 and that the mother had a gross monthly income of $7,450. The trial court determined that the father's percentage share of income was 17.31% and that his basic child-support obligation, reflected on line four of the form, was $1,438. However, on line eight of the form, the trial court found that the father's child-support obligation was $318.23. The trial court then gave the father a $400 adjustment for the payment of health insurance for the children, resulting in a deficit of $81.77 as the "recommended child support order."
Also on May 27, 2016, the trial court entered a judgment finding that, as a result of being laid off from USX, the father's income had been "dramatically reduced from over $5,000 a month to only receiving unemployment supplemental income of $250 every two weeks. Once [the father] was laid off, his ability to pay his *671 child support was impaired if not completely damaged." In the judgment, the trial court stated:
"Once [the father] provided the Court the evidence of his inability to pay the court ordered amount, [the mother] was obligated to prove beyond a reasonable doubt that [the father] was financially able to pay the amount of child support ordered. She did not provide the evidence to support the evidentiary burden imposed by law."
The trial court also found that the father could not "obtain work at a sufficient income level to pay his child support without sacrificing his children's health." The judgment continued:
"The Court did calculate child support taking into consideration a $9 an hour at 40 hours a week job for [the father] with him still paying the health insurance and [the mother's] current income. His child support payment would be -$82 a month. The parties can recognize a negative child support amount is contrary to the law so the child support guidelines will not be followed."
The trial court then directed that the father's child-support obligation be terminated.[1]
On June 24, 2016, the mother filed a timely motion to alter, amend, or vacate the judgment in which she asserted, among other things, that the father had not sought a termination of his child-support obligation but only a reduction in that obligation and that the evidence did not support the trial court's judgment. The next day, June 25, 2016, the trial court amended its judgment to suspend the father's child-support obligation, as opposed to terminating child support, "as of November 1, 2015, until such time [as the mother] can prove to the Court beyond a reasonable doubt that [the father] can pay the court ordered child support." On July 19, 2016, the trial court entered an order denying the mother's postjudgment motion.
The mother filed a timely notice of appeal to this court. The father did not submit a brief on appeal.
On appeal, the mother asserts that the father did not meet his burden of demonstrating that his changed circumstances were both substantial and continuing; therefore, she says, a modification of the father's child-support obligation was not warranted. Specifically, the mother argues that the father failed to demonstrate that his reduction in income was not just temporary and that he could not earn sufficient income to meet his child-support obligation.
The applicable standard for reviewing this issue is well settled:
" 'When a trial court hears ore tenus evidence, its judgment based on facts found from that evidence will not be disturbed on appeal unless the judgment is not supported by the evidence and is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala. Civ. App. 1990). Further, matters of child support are within the sound discretion of the trial court and will not be disturbed absent evidence of an abuse of discretion or evidence that the judgment is plainly and palpably wrong. Id.'
" Spencer v. Spencer, 812 So.2d 1284, 1286 (Ala. Civ. App. 2001). However, the *672 trial court's application of law to facts is reviewed de novo. See Ladden v. Ladden, 49 So.3d 702, 712 (Ala. Civ. App. 2010)."
Jones v. Jones, 101 So.3d 798, 802 (Ala. Civ. App. 2012).
"An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649 (Ala. Civ. App. 1993). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807 (Ala. Civ. App. 1994). Whether circumstances justifying modification of support exist is a matter within the trial court's discretion. Id. We will not disturb the trial court's decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Id.; Douglass v. Douglass, 669 So.2d 928, 930 (Ala. Civ. App. 1995)."
Romano v. Romano, 703 So.2d 374, 375 (Ala. Civ. App. 1997) (emphasis added). The mother has not challenged the burden of proof the trial court imposed on her in this matter. Therefore, any argument she could have made on appeal regarding whether the trial court applied the correct burden of proof in this case is deemed waived. Gary v. Crouch, 923 So.2d 1130, 1136 (Ala. Civ. App. 2005) ("[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived."); see also Palmer v. Palmer, 192 So.3d 12 (Ala. Civ. App. 2015) (same).
In support of her contention that the father failed to prove that his decrease in income is substantial and continuing, the mother pointed out (and the trial court recognized) that the father had turned down offers for jobs paying $9 an hour. Additionally, the mother referred to the evidence showing that the father did not actually know how long he would be laid off and that, at the latest, he would begin receiving additional income in August 2017, when he would begin receiving a pension benefit of up to $2,500 a month. Therefore, the mother contends, the father failed to prove that he had had a material change of circumstances that was both substantial and continuing.[2]
The evidence also indicates that the father was laid off from his job with USX on August 23, 2015. At the time of the trial on May 27, 2016, nine months after being laid off, the father was still unemployed. He submitted into evidence a letter from Caroline Fikes, a USX employee-services representative, indicating that he was "placed on layoff ... with no call back date known at this time." The letter was dated February 5, 2016. At the trial, which was held nine months after the father had been laid off, the father testified that there still was not a "call back date" and that the layoff was continuing.
In King v. Barnes, 54 So.3d 900, 904 (Ala. Civ. App. 2010), this court reversed a judgment denying a request to modify the child-support obligation of a father who had lost his job and had been unable to find permanent employment. The father in that case testified that he had worked sporadically since losing his job but that "those sporadic earnings did not enable him to pay his past-due bills." Id. The *673 mother in that case failed to present evidence to dispute that contention. Id. We held that, based on the undisputed evidence indicating that the father did not have the ability to pay child support despite his efforts to find employment, the circuit court had abused its discretion in refusing to modify the father's child-support obligation. Id.
In King, we discussed a similar case involving a request for a child-support modification after a father lost his job.
"In Rotar v. Weiland, 591 So.2d 893 (Ala. Civ. App. 1991), this court reversed a decision of the Mobile Circuit Court that failed to modify the father's child-support obligation. In Rotar, the evidence revealed that the father had lost his job, that he had 'vigorously sought employment but his efforts to earn income ha[d] failed,' that he had taken money out of his retirement plan in order to pay child support, and that he was being supported by his new wife at the time of the trial. 591 So.2d at 895. In determining that there was no evidence to indicate that the father had any means with which to pay the ordered child support and in reversing the trial court's judgment, this court stated: 'While the trial court is afforded the discretion to determine whether there has been a material change in a parent's circumstances, it is not at liberty to ignore undisputed evidence concerning a parent's ability to pay.' Id. See also Banks v. Spurlock, 470 So.2d 1300, 1302 (Ala. Civ. App. 1985) ('A parent is entitled, upon petition for modification, to be relieved from an order of payment of child support if the evidence undisputedly shows he or she is without the financial means of complying.')."
King, 54 So.3d at 904.
In Poh v. Poh, 64 So.3d 49, 57-58 (Ala. Civ. App. 2010), this court relied on our holdings in King and Rotar v. Weiland, 591 So.2d 893 (Ala. Civ. App. 1991), to reject establishing a bright-line rule regarding what constitutes a sufficient time for a period of unemployment to be deemed a "continuing" material change in circumstance. This court explained that
"our jurisprudence holds that each domestic-relations case is factually unique, especially with regard to a noncustodial parent's ability to pay child support to the other parent because the financial status of parties varies widely from case to case (as do the needs of their respective children).
"For that reason, this court has, on numerous occasions, stated that " '[c]hild support is always subject to modification based upon changed circumstances and a parent's ability to pay.' " Lo Porto v. Lo Porto, 717 So.2d 418, 421 (Ala. Civ. App. 1998) (quoting Gordy v. Glance, 636 So.2d 459, 461 (Ala. Civ. App. 1994) ) (emphasis added) (holding that clear error occurred when a trial court awarded a custodial parent real property as an advancement of the noncustodial parent's child-support obligation for two years after the divorce because the judgment did not practically permit the obligation to be modified during that two-year period); Gordy, 636 So.2d at 461 (noting that child support is always subject to modification based on changes in circumstances such as a parent's ability to pay; consequently, a custodial parent may be entitled to an increase in support in the future, if warranted); and Cole v. Cole, 540 So.2d 73, 75 (Ala. Civ. App. 1989) (rejecting a trial court's judgment that 'would have prevented any further modification of child support for any reason, regardless of how radically such circumstances or needs might be altered by future events')."
Poh, 64 So.3d at 58.
In this case, the trial court found that the father had been "offered other jobs but *674 the income from those prospective employers would jeopardize the couple's children's health care insurance. Unfortunately in today's economic market, [the father] not only lost his job but he cannot obtain work at a sufficient income level to pay his child support without sacrificing his children's health." The trial court also explicitly found that the father's income had been "dramatically reduced" and that, once he was laid off, the father's "ability to pay his child support was impaired if not completely damaged."
There was substantial evidence before the trial court to support a conclusion that the father had proven a material change in circumstance since his child-support obligation had been established and that that change was substantial and continuing. Based on the record before us, our standard of review, and the arguments the mother has made on appeal, we cannot say that the trial court abused its discretion in granting the father's request for a modification.
The mother also contends that the trial court abused its discretion by suspending the father's child-support obligation because the father did not request such relief. Related to this issue is the mother's contention that the trial court's child-support calculations were incorrect and that the trial court failed to apply the child-support guidelines as required by Rule 32, Ala. R. Jud. Admin.
In completing the CS-42 form, the trial court determined that the father had a monthly gross income of $1,560. In its judgment, the trial court stated that, in calculating child support, it had imputed income to the father of $9 an hour for 40 hours a week. The CS-42 form accurately reflects the trial court's calculation. The child-support income affidavit the father filed with the trial court indicated a gross monthly income of $2,376, which included the state unemployment compensation of $1,060 that the father was receiving at the time he completed that affidavit. The father testified that he was no longer receiving that amount at the time of the trial, however. If the unemployment compensation is deducted from the gross monthly income reflected in the income affidavit, his gross monthly income would be $1,316, which is the amount of supplemental unemployment benefits he received from USX each month.
This court has held:
"The application of the Rule 32 child-support guidelines is mandatory. Thomas v. Norman, 766 So.2d 857, 859 (Ala. Civ. App. 2000). 'The trial court is not bound by the income figures advanced by the parties, and it has discretion in determining a parent's gross income. However, " '[t]his court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered....' " Willis v. Willis, 45 So.3d 347, 349 (Ala. Civ. App. 2010) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala. Civ. App. 1999) ).' Morgan v. Morgan, 183 So.3d 945, 961 (Ala. Civ. App. 2014)."
Walker v. Lanier, 221 So.3d 470, 473-74 (Ala. Civ. App. 2016). The trial court's determination that the father had a gross monthly income of $1,560 is less than the father's actual income at the time the father filed his income affidavit, but it is more than the amount the father was receiving in supplemental unemployment benefits at the time of trial. The father had been offered jobs paying $9 an hour, but he had not accepted those jobs because he would then lose the health insurance USX was still providing to the father and the children. The trial court took into account the father's testimony that, if he accepted another job, he would have to pay for health insurance for the children and *675 would not come out ahead financially. Based on the father's circumstances as reflected in the record, we cannot say that the trial court abused its discretion in imputing income to the father of $9 an hour for a 40-hour week.
However, on the CS-42 form, the trial court gave the father a $400 credit for the payment of health-insurance premiums. The father's testimony showed that one of the reasons he did not accept any of the jobs he was offered was because he would lose his health insurance through USX, which covered the children and for which he paid nothing. The father stated that, if he took another job, he would have to pay for health-insurance coverage. As the mother points out in her appellate brief, a review of the record reveals no evidence demonstrating that, at the time of the hearing, the father was incurring any expense toward the children's health insurance. In other words, the evidence does not support the trial court's determination that the father was to be given a $400 credit toward his child-support obligation because he was paying for health-insurance coverage for the children.
Because the trial court erred in giving the father credit for health-insurance payments he was not making, we reverse the judgment establishing the father's child-support obligation and remand the cause to the trial court to redetermine the father's child-support obligation in compliance with the Rule 32, Ala. R. Jud. Admin., child-support guidelines.
The mother's request for an attorney fee and costs on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The trial court also found, in a separate action with a separate case number, but tried at the same time as the father's modification action, that the father owed the mother $1,282 as reimbursement for his share of the children's medical expenses not covered by health insurance.

In her brief, the mother did not make a legal argument or cite any legal authority to support her contention that the father's change in income was not substantial. "Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived." White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008).